**ROBERT BOSCH CORPORATION, subrogor, and Fireman's Fund Insurance Company, subrogee, Plaintiffs,**

**v.**

**AIR FRANCE, Defendant.**

**No. 88 C 10049.**

United States District Court, N.D. Illinois, E.D.

May 5, 1989.

Stephen C. Veltman and Michael R. Stiff, Tribler & Marwedel, P.C., Chicago, Ill., for plaintiffs.

Michael J. Sehr and Andrew Kochanowski, Haskell & Perrin, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant's motion to dismiss for lack of jurisdiction pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 ("FSIA"), or, in the alternative, on grounds of *forum non conveniens*. For the following reasons, the court finds that it has subject matter jurisdiction, and that the matter should not be dismissed on the grounds of *forum non conveniens.*

## FACTS

This action was filed by Fireman's Fund Insurance Company ("Fireman's Fund"), as subrogee of Robert Bosch Corporation ("Bosch"), against Compagnie Nationale Air France ("Air France"). Plaintiff seeks recovery for damage to a shipment of electrical relays allegedly carried by Air France for Bosh from Nuremberg, Germany to Chicago, Illinois. The Complaint pleads federal question jurisdiction under the Warsaw Convention. 49 Stat. 3000.

The Complaint alleges that on February 12, 1988, Air France issued to Bosch an air waybill, No. 057–8332–8991. The air waybill was issued when Air France took possession of fifteen cartons of electronic relays (the "product") from Bosch in Nuremberg, Germany for transport to Chicago. Air France intended to transport the product by truck from Nuremberg to Paris, and then by air from Paris to Chicago. The truck carrying the product was involved in an accident between Nuremberg and Paris. Plaintiff claims that as a result of the truck accident the product arrived in the United States damaged.

## JURISDICTION

Defendant alleges immunity pursuant to the FSIA. Plaintiffs do not dispute that Air France is an instrument of the sovereign state of France and, as such, is entitled to whatever immunity is conferred by the FSIA. However, plaintiffs argue that the FSIA does not immunize Air France from this action. Specifically, plaintiffs invoke § 1605(a)(2), which provides:

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state [first clause]; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere [second clause]; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States [third clause].

If any one of these three clauses is applicable, the foreign state does not receive immunity. The court finds that in this case the first clause of § 1605(a)(2) excludes defendant from jurisdictional immunity.

It is undisputed that this action is based on "commercial activity." In determining whether under the first clause the commercial activity at issue was "carried on in the United States, the particular conduct in

question need not have taken place in the United States." *Sugarman v. Aeromexico,* 626 F.2d 270, 273 (3d Cir.1980). Rather, the preferred approach to interpreting the first clause is what has been labelled the "nexus test": "whether there is a connection between the foreign defendant's commercial activity in the United States and the acts giving rise to the plaintiff's claims." *Barnett v. Iberia Air Lines of Spain,* 660 F.Supp. 1148, 1151 (N.D.Ill. 1987); *see also Barkanic v. CAAC,* 822 F.2d 11, 13 (2nd Cir.1987); *Vencedora Oceanica Navigacion v. Compagnie Nationale Algerienne De Navigation,* 730 F.2d 195, 200 (5th Cir.1984); *Sugarman,* 626 F.2d at 272–73.

Such a "nexus" exists in this case. Defendant's commercial activity in the United States was its contractual relations with an American corporation to deliver products to the United States from Germany and receive payment for that delivery. The acts giving rise to plaintiffs' claims were defendant's alleged failure to protect the products from damage while en route from Germany to the United States. Clearly, there is a connection between the two.

Moreover, the cases cited by the parties support this conclusion. In *Sugarman,* a passenger sued the national airline of Mexico for damages resulting from a delay in his flight from Mexico to New York. The court held that there was "a nexus between Sugarman's grievance and Aeromexico's commercial activity carried on in the United States" because the flight was bound for New York. 626 F.2d at 272–73.[1] Likewise, in this case, the products were bound for Chicago.

Defendant cites *Barnett* as support for the proposition that no nexus exists in this case. In *Barnett,* passengers sued Iberia Air Lines of Spain for damages resulting from their being barred from boarding their scheduled flight in Madrid. The passengers had purchased tickets through a travel agent in the United States to fly an American airlines from New York to Ma-

drid, and to then fly Iberia Air Lines from Madrid to one of the Spanish Canary Islands. The court found that the nexus was insufficient to meet the first clause of § 1605(a)(2). The court placed great weight on the fact that both the flight's point of departure and destination were outside the United States, and distinguished *Sugarman* for this reason. Thus, the court viewed the case as involving two separate contracts for transportation, one from the United States to Spain and the other from one point in Spain to another point in Spain. This view is supported by the fact that each contract involved a different carrier. The court further distinguished *Sugarman* on the grounds that the relevant commercal activity in *Barnett* was conducted through the defendant's agent rather than by the defendant itself.

Neither of these distinguishing characteristics exists in this case. This case involves one contract for transportation. If the carrier hired a subcontractor for part of the journey, that is a separate matter. Likewise, the fact that the voyage had an intermediate destination point is not important; the essence of the contract was transportation of goods from Germany to the United States by one carrier (Air France). Also, in this case Air France conducted the commercial activity itself, rather than through an agent (though the court is reluctant to distinguish between acts of a principal and acts of its agents for jurisdictional purposes). Moreover, under facts similar to those of *Barnett,* the Second Circuit found a sufficient nexus to establish jurisdiction. *See Barkanic,* 822 F.2d at 13. Because *Sugarman* and *Barkanic* support the court's finding of a nexus in this case, and *Barnett* is distinguishable, the court's determination that the first clause of § 1605(a)(2) precludes granting defendant immunity under the FSIA is consistent with other courts' applications of the nexus test.

Because the court finds that the first clause acts to deny defendant immunity

---

1. The court found further basis for determining that a "nexus" existed because the tickets were purchased in the United States. However, the court implied that the fact of the New York destination alone was enough to confer jurisdiction. *See id.*

under the FSIA, it need not reach plaintiffs' arguments that defendant should be denied immunity due to the third clause and defendant's alleged waiver of immunity. Rather, the court will next consider defendant's motion to dismiss pursuant to the common law doctrine of *forum non conveniens.*

## FORUM NON CONVENIENS

■ Dismissal pursuant to *forum non conveniens* is a determination committed to the sound discretion of the trial court. *Piper Aircraft v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266–267, 70 L.Ed.2d 419 (1981). A plaintiff's choice of forum is ordinarily entitled to great deference, particularly when the plaintiff has chosen its home forum. *Id.* at 255, 102 S.Ct. at 265–266. For purposes of this motion, the court finds that plaintiff is an American corporation, and has thus chosen its home forum. Defendant makes the unsupported assertion that Bosch is a German corporation, but Bosch has provided affidavit testimony that Bosch was incorporated in the United States and is licensed to do business in the State of Illinois.

■ To overcome plaintiff's forum choice, defendant must demonstrate that the other relevant factors weigh heavily in favor of dismissal in favor of an alternative forum. *Id.* Those factors are the private interests of the litigants, the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, costs of obtaining attendance of unwilling witnesses, the fairness of the trial, and the enforceability of any judgment. *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ Defendant compares the forum of Illinois to the alternative forum of "Germany or France." Yet, these are two separate fora, and to convince this court that dismissal on the grounds of *forum non conveniens* is appropriate, defendant must point to a specific alternative forum which is more appropriate. The court assumes that defendant suggests Germany is the most appropriate forum, as most of its arguments regarding the location of evidence relate to Germany. The court will thus consider whether defendant has demonstrated that the remaining factors weigh heavily in favor of Germany as the most appropriate forum.

■ The great expense of intercontinental travel, the potential unavailability of compulsory service of process, and the difficulties created by language barriers make the location of witnesses a crucial factor in this case. The court finds that defendants have failed to demonstrate that the location of witnesses favors dismissal.

Defendant points out that the product was damaged in Germany in a trucking accident and witnesses to that accident are located in Germany. However, in a pretrial conference, counsel for defendants admitted that any negligence in that accident is not an issue in this case.[2] Defendant is apparently liable for any damage to the product, regardless of the details of the accident. As a result, witnesses to the accident are unlikely to be called in this case.

Defendant argues that the contract at issue was negotiated and executed in Germany, and therefore witnesses to the contract are probably located in Germany. This lends some support to defendant's argument. However, the weight given to this consideration is lessened by the fact that the witnesses on this issue are party witnesses.

Counsel for defendant stated in pretrial conference that whether Bosch properly boxed the product will be an issue. The product was boxed in Germany, and this fact weighs in favor of Germany as the appropriate forum. On the other hand, witnesses as to the value of the product

---

**2.** The court has little evidence before it regarding the motion to dismiss. Therefore, for purposes of this motion only, the court will consider the unverified factual statements of counsel made in the memoranda and pretrial conference. The court further observes that the paucity of evidence is an indication that defendants have failed to meet their burden on the *forum non conveniens* issue.

692

and the extent of damage to the product at the time of delivery are probably located in the United States. Consequently, the "location of witnesses" factor does not support transfer.

Turning to other factors, the court finds that the relative ease of access to documents does not favor transfer. The air waybill at issue is in English, and no other relevant documents have been discussed in the memoranda.

Defendant argues that dismissal is appropriate because to the extent that the Warsaw Convention is not applicable, French or German law would govern this case. However, it appears that the Warsaw Convention may supply all the relevant law for this case. Moreover, even if "French or German" law were applicable, defendant has not specified which would apply. If French law were applicable, the applicable law would be foreign to either proposed forum. Therefore, the choice of law factor has not been shown to favor dismissal.

Defendant argues that the "fairness of the trial" factor favors dismissal, because defendant wishes to bring a third party action against the trucking company, and may be unable to do so if this action is tried in the United States. Yet, defendant could bring a separate action in Europe, and has presented no evidence that such a lawsuit would be unduly duplicative of this action. On the contrary, it would seem that the negligence of the trucking company would be a central issue in that action, an issue not relevant to this action.

The remaining factors do not favor dismissal. Defendant urges the court to consider the congested docket of this district, yet has failed to provide evidence that Germany's docket is less congested. Furthermore, the parties agree that the "enforceability of any judgment" factor favors neither forum. Finally, the fact that apparently neither party is German has some weight against selection of Germany as the most appropriate forum.

In sum, the Federal Sovereign Immunities Act does not confer immunity on defendant Air France in this case. Moreover, defendant has failed to demonstrate that a significantly more appropriate forum for litigation of this matter exists. Therefore, the motion to dismiss is denied.

IT IS SO ORDERED.